UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0138 (PJS/LIB) |
| | Case No. 20-CV-1844 (PJS) |
| Plaintiff, | |
| | Case No. 19-CR-0078 (PJS/LIB) |
| v. | Case No. 20-CV-1843 (PJS) |
| ALEXANDER LEVI BLACKWELL, | ORDER |
| Defendant. | |

Defendant Alexander Blackwell was indicted in both the District of Minnesota and the District of North Dakota for offenses related to the production and possession of child pornography. Pursuant to Fed. R. Crim. P. 20, Blackwell consented to the transfer of the North Dakota case to this District. Blackwell thereafter pleaded guilty to Count 3 of the Minnesota indictment (Case No. 18-CR-0138), which charged him with attempted production of child pornography, and Count 2 of the North Dakota indictment (Case No. 19-CR-0078), which charged him with possession of child pornography. ECF No. 89 ¶ 1.[1] The Court sentenced Blackwell to 214 months for the production conviction and 118 months for the possession conviction, the two sentences to be served concurrently. ECF No. 112 at 2. This represented a substantial downward

---

[1] All ECF cites are to documents in Case No. 18-CR-0138.

variance from Blackwell's Guidelines range of 292 to 365 months. ECF No. 123 at 7. Blackwell did not appeal.

This matter is before the Court on Blackwell's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Blackwell is not entitled to relief, no hearing is necessary.[2] *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

*A. Background*

Blackwell's convictions in these two cases mostly arise out of his conduct with respect to a victim known as Minor A, whom he met online. In the spring of 2015, Blackwell (who lived in Tennessee) began communicating with Minor A (who lived in Minnesota). Blackwell sent Minor A many sexually explicit messages and made multiple requests for sexually explicit photos from her. For example, on June 26, 2015, Blackwell asked Minor A to create and send an image of her genitals, which she did the following day. *See generally* ECF No. 89 ¶ 2(a); ECF No. 93 ¶¶ 8–9. Based on this conduct, Blackwell was indicted for, and pleaded guilty to, attempted production of child pornography in Case No. 18-CR-00138. ECF No. 18 at 2 (Count 3); ECF No. 89 ¶ 1.

---

[2]The Court notes that Blackwell has waived an evidentiary hearing and asserts that, if such a hearing were necessary, he would withdraw his § 2255 motion. ECF No. 117 at 1; ECF No. 118 ¶ 1; ECF No. 131 at 1.

In July 2015, Blackwell traveled to North Dakota to see Minor A, who was visiting the state at that time. ECF No. 89 ¶ 2(b); ECF No. 93 ¶ 10. While in North Dakota, Blackwell was questioned by law enforcement and his electronic equipment was seized. ECF No. 93 ¶¶ 11–14. Blackwell's devices were found to contain child pornography, including the picture that Minor A had sent on June 27 and pictures of a minor residing in South Carolina. ECF No. 89 ¶ 2(b); ECF No. 93 ¶ 14. Based on this conduct, Blackwell was indicted for, and pleaded guilty to, possession of child pornography in Case No. 19-CR-0078. ECF No. 89 ¶¶ 1, 2(b).

At the time that Blackwell committed these federal offenses, he was on probation in Florida. ECF No. 93 ¶¶ 11–12, 38. Blackwell's Florida offense arose out of his attempt to have sex with an undercover officer posing as a minor. *Id.* ¶ 38. After exchanging messages with the officer, Blackwell traveled to meet her on January 26, 2014, at which point he was arrested. *Id.* He was convicted of unlawful use of a two-way communication device and sentenced to 18 months probation. *Id.* Blackwell's July 2015 travel to North Dakota violated the terms of his Florida probation. *Id.* Blackwell's probation was therefore revoked, and he was sentenced to two years in prison (eventually serving about 20 months). *Id.*; ECF No. 118 ¶ 3.

Blackwell's presentence investigation report ("PSR") indicates that his Florida probation was revoked because he traveled to North Dakota without permission. ECF

No. 93 ¶ 38. In his § 2255 motion, however, Blackwell contends that the Florida court sentenced him for the conduct underlying his federal offenses and that, as a result, he was entitled to an adjustment to his federal sentence under § 5G1.3 of the United States Sentencing Guidelines. Blackwell alleges that his counsel was ineffective for failing to obtain a transcript of his Florida revocation proceeding to prove that the federal and state sentences were based on the same conduct and for failing to make this argument at sentencing.

*B. Analysis*

To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) prejudice, that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

As noted, Blackwell alleges that his counsel was ineffective because he failed to argue that Blackwell should receive an adjustment under § 5G1.3 for his Florida sentence. Section 5G1.3(b) provides, in relevant part:

> If . . . a term of imprisonment resulted from another offense
> that is relevant conduct to the instant offense of conviction

> under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Blackwell argues that his Florida sentence triggers an adjustment to his federal sentence under this provision because, according to Blackwell, the Florida court based its sentence on the same conduct for which he was sentenced in federal court. As a result, Blackwell argues, the Court should have adjusted his federal sentence downward by 20 months to account for the time he served on the Florida violation.

Blackwell does not seem to dispute that, as a formal matter, his probation violation consisted of traveling to North Dakota without permission, which is *not* the same as the conduct underlying his federal offenses. *See* ECF No. 93 ¶ 38 (PSR stating that "Blackwell's questioning by law enforcement in the instant offense triggered the probation violation, as the defendant had traveled to North Dakota without permission of his supervising officer."); ECF No. 121 ¶ 10 (affidavit from counsel stating that the Florida arrest warrant cited a travel restriction and alleged that Blackwell traveled

without permission); ECF No. 117 at 3 (Blackwell's motion stating that he surrendered to Florida authorities "on the probation violation of travelling without permission"). Instead, Blackwell seems to be arguing that the Florida judge took into account the conduct underlying his federal charges when the judge determined what sentence to impose upon revocation. Even if that is true, however—indeed, even if the Florida judge revoked Blackwell's probation *solely* on the basis of the conduct underlying his federal offenses—Blackwell would not be entitled to an adjustment under § 5G1.3(b), for two reasons:

*First*, § 5G1.3(b) applies to cases involving *undischarged* terms of imprisonment. Blackwell, however, finished serving his term of imprisonment for the Florida revocation on March 29, 2017, long before his August 5, 2019 sentencing in these federal cases. ECF No. 98 ¶ 38; ECF No. 109. Because Blackwell's Florida sentence was completed at the time of his federal sentencing, § 5G1.3(b) does not apply.

*Second*, even if Blackwell's Florida sentence had been undischarged at the time of his federal sentencing, he would not be entitled to an adjustment because § 5G1.3 does not provide for any adjustment for terms of imprisonment that result from revocations of probation, parole, or supervised release. U.S.S.G. § 5G1.3, cmt. n.4(C). To the contrary, § 5G1.3 recommends that when a defendant violates probation by committing a new crime, the sentence for the new crime should run *consecutively* to any revocation

sentence. *Id.*; *see also id.* § 7B1.3(f) (recommending that any prison term imposed upon revocation be served consecutively to any sentence the defendant is serving, "whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release"); *id.* cmt. n.4 (recommending that any sentence for a criminal offense imposed after revocation be run consecutively to the revocation sentence).

Blackwell argues that his Florida sentence was not a typical revocation sentence, and that therefore the Guidelines provisions recommending consecutive sentences are inapplicable. His argument is somewhat unclear, but it seems to be as follows: (1) the original disposition of his Florida case was "adjudication withheld," ECF No. 131 at 1; ECF No. 93 ¶ 38; (2) it was not until the revocation proceeding that he was adjudicated guilty of unlawful use of a two-way communication device—the original underlying crime for which he was placed on probation, *id.* at 1–2; (3) he was therefore sentenced to two years for the underlying charge, not for a probation violation, *id.*; and (4) the two-year sentence was "not given specifically for the probation violation, but for the exact same conduct you sentenced me for," *id.* at 2.

This argument makes no sense, as (4) does not follow from (1), (2), and (3). If Blackwell's Florida sentence was imposed for his *original* Florida offense, then it was *not* based on the same conduct underlying his federal offenses. Setting that aside, the

disposition of "adjudication withheld" does not actually distinguish Blackwell's Florida sentence from a typical revocation sentence.³ To the contrary, punishment for a probation or other supervision violation is generally understood not as a sanction for a new offense but rather "as part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000). Treating Blackwell's Florida sentence as a sanction for his original offense therefore makes it exactly like a typical revocation sentence.

In his reply, Blackwell moves away from his argument that he was entitled to an adjustment under § 5G1.3 and instead contends that his counsel should have argued for a downward departure under various provisions of the Guidelines. Blackwell did not make this argument in his § 2255 motion, however, and thus it is waived. Even if his argument had not been waived, the Court would reject it on the merits. Blackwell cites § 5K2.23, which states that a downward departure may be appropriate in cases in which § 5G1.3(b) would require an adjustment but for the fact that the defendant already

---

³The disposition of "adjudication withheld" means that the defendant was convicted but the judge withheld a final judgment and instead placed the defendant on probation, with the option of imposing sentence at a later time (presumably after a violation). *See* Fla. R. Crim. P. 3.670 ("where allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation"); Fla. R. Crim. P. 3.701(d)(2) ("'Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended."); Fla. R. Crim. P. 3.704(d)(6) (same); Fla. Stat. § 775.14 (allowing up to five years to impose a sentence where sentence has been withheld); *State v. Gazda*, 257 So.2d 242, 243–44 (Fla. 1971) (explaining the distinction between the conviction and the adjudication of conviction).

completed the prior sentence. As explained above, however, § 5G1.3(b) does not apply to revocation sentences, and Blackwell therefore would not have been entitled to an adjustment even if his Florida sentence had been undischarged at the time of his federal sentencing.

Blackwell also points to application notes 4(D) and 4(E) of § 5G1.3. Note 4(D) applies to "complex" cases in which the defendant is subject to multiple undischarged terms of imprisonment, which was not true here. Note 4(E) states that it may be appropriate for a court to depart in an "extraordinary case," such as, for example, when the defendant has served a "very substantial" term of imprisonment for conduct only partly consisting of relevant conduct for the current offense. This was not an extraordinary case, however, nor can Blackwell's two-year revocation sentence be considered "very substantial" in light of the fact that he initially received no prison time for the underlying offense.

Finally, even if Blackwell's counsel erred by not arguing for a departure, Blackwell cannot show prejudice. The Court gave Blackwell a sentence that was 146 months below the 360-month sentence sought by the government (ECF No. 99 at 1) and 78 months below the bottom of his Guidelines range of 292 to 365 months (ECF No. 111 at 1). Even if the Florida judge did consider the conduct underlying Blackwell's federal offenses in deciding to impose a two-year sentence—and even if that fact had

been brought to this Court's attention—the Court would not have reduced Blackwell's sentence even further, particularly given that the Guidelines recommend that revocation sentences run consecutively.

For these reasons, the Court denies Blackwell's § 2255 motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 117 in Case No. 18-CR-0138; ECF No. 40 in Case No. 19-CR-0078] is DENIED.

2. Defendant's request to seal the filings associated with his motion is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 18, 2021     s/Patrick J. Schiltz
                          Patrick J. Schiltz
                          United States District Judge